RECEIVED
MAR 1 0 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIELA VARGAS | CIVIL ACTION NO. 1:17-CV-00356 |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *ET AL.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER FOR TRANSFER OF PETITION FOR REVIEW

I. Background

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Daniela Vargas ("Vargas"). Vargas also filed a "Notice of Intent to Issue a Final Administrative Removal Order" and a "Final Removal Order" (Doc. 2-18). Vargas, a native and citizen of Argentina, has been in the custody of the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE") since March 1, 2017. Vargas alleges that she arrived in the United States under the Visa Waiver Program in 2001, when she was seven years old, and has twice been granted deferred action on removal under the Deferred Action for Childhood Arrivals ("DACA") program, in 2012 and 2014. Vargas failed to reapply timely for deferred action under DACA in 2016.

Vargas alleges she reapplied for deferred action in February 2017. Her DACA application is still pending. Vargas also alleges that an application for a "U" nonimmigrant visa[1] was filed on her behalf in 2014, which is also still pending.

Vargas's brother and father were arrested by ICE in February 2017. During their arrest, Vargas told the ICE agents that she had been granted deferred action. The agents left with Vargas's father and brother, but later returned with a search warrant. Vargas claims the agents forcibly entered the house and conducted a search, but did not arrest her, stating she was being given a "hall pass."

On March 1, 2017, Vargas made statements to the media concerning the arrests. Shortly after that press conference, Vargas was arrested and detained by ICE. Vargas alleges that an ICE official told her she will be summarily removed from the United States without a hearing, because she waived her right to contest removal when she was admitted in 2001 pursuant to the Visa Waiver Program.[2]

Vargas filed an "Emergency Motion for Stay of Removal" (Doc. 2). Vargas also seeks: (1) a release from detention; (2) a copy of all of Vargas's immigration records[3];

---

[1] A "U–Visa" is a type of visa that can be granted to victims of certain listed crimes who later help United States law enforcement officials investigate or prosecute those crimes. See Ordonez Orosco v. Napolitano, 598 F.3d 222, 224 (5th Cir. 2010), cert. den., 562 U.S. 863 (2010); see also 8 U.S.C. § 1101(a)(15)(U). A copy of that application has not been attached to Vargas's pleadings.

[2] A notice of intent to issue a final administrative removal order was served on Vargas in Mississippi on March 1, 2017 (Doc. 18-2), the day she was arrested. Vargas's final order of removal (undated and unsigned, but also served on March 1, 2017) appears to have been issued from New Orleans. The final order of removal states the "DHS will proceed with your removal from the United States unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review" (Doc. 18-2). Vargas alleges she has a pending DACA application for deferral of removal. A copy of that application has not been attached to her pleadings.

[3] Vargas's immigration records will be available at the Fifth Circuit. See "Forms, Fees, and Guides," "Accessing Immigration Administrative Records" at www.ca5.uscourts.gov.

2

(3) rescission of the "Final Administrative Removal Order"; (4) a judgment declaring Vargas is being detained in violation of the First and Fifth Amendments to the United States Constitution and the Administrative Procedure Act, 60 Stat. 237, 5 U.S.C. § 1001, *et seq.*; and (5) an award of costs and attorney fees. Vargas alleges and shows (Doc. 2-18) that she is subject to a final administrative order of removal.

## II. Jurisdictional Analysis

On May 11, 2005, the REAL ID Act of 2005 was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005, P.L. 109-13, 119 Stat 231. The REAL ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), as added by § 106(a)(1)(B) of the REAL ID Act, Pub. L. 109-13, and further directs that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, REAL ID Act, § 106(c). See Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005); see also Hernandez-Castillo v. Moore, 436 F.3d 516, 518 (5th Cir.2006), cert. den., 549 U.S. 810 (2006) ("The Act explicitly forecloses habeas review of removal orders and provides that a petition for review is the sole and exclusive means of judicial review for all removal orders except those issued pursuant to 8 U.S.C. § 1225(b)(1)."); Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 735 (5th Cir. 2005), cert. den., 546 U.S. 1106 (2006) ("[T]he REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively.").

However, as indicated in the legislative history of the REAL ID Act, those provisions were not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders." See Hernandez, 424 F.3d at 42-43 (citing H.R. Cong. Rep. No. 109-72, 2873 (May 3, 2005)); see also Baez v. Bureau of Immigration & Customs Enf't, 150 Fed.Appx. 311, 312 (5th Cir. 2005) ("Section 106(a) of the [REAL ID] Act does not, however, preclude habeas review of challenges to detention that are independent of challenges to removal orders".). Where an action has been improvidently filed in a court lacking subject matter jurisdiction, want of jurisdiction may be cured, in the interest of justice, by transfer of the action to the court in which the action should have been brought. See 28 U.S.C. § 1631; Berrum-Garcia v. Comfort, 390 F.3d 1158 (10th Cir. 2004).[4]

Vargas raises five issues in her habeas petition.

First, Vargas alleges she is being denied the opportunity to challenge her continued detention because she allegedly waived her right to contest her removal when she was admitted pursuant to the Visa Waiver Program.[5] The right to challenge detention pending removal is independent of the right to challenge a final order of removal. See Baez, 150 Fed.Appx. at 312. Although this Court has subject matter jurisdiction to consider Vargas's pre-removal detention, this Court does not

---

[4] It is proper to transfer a case challenging a removal order, pursuant to the REAL ID Act, only if the case was pending when the REAL ID Act was passed on May 11, 2005. See Esogbue v. Gonzales, 224 Fed.Appx. 356, 357 (5th Cir. 2007); see also Nnaguihe v. Bureau of Immigration and Customs Enforcement, 2005 WL 2545284 (N.D.Tex. 2005) (citing 8 U.S.C. § 1252, Historical and Statutory Notes, Transfer of Cases). However, a case may be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631. See Solis-de Patino v. Pitts, 823 F.Supp.2d 457, 464 (W.D. Tex. 2011) (citing Bentley v. Gonzales, 194 Fed.Appx. 200, *1 (5th Cir. 2006).

[5] See 8 U.S.C. § 1187(b); Polizio v. Jenifer, 217 F.Supp.2d 811 (E.D. Mich. 2002).

4

have jurisdiction to consider Vargas's challenge to her removal order concerning her admission pursuant to the Visa Waiver Program. See Kim v. Obama, 2012 WL 10862140 (W.D. Tex. 2012); Majoa v. Watson, 2008 WL 2852416, *1 (N.D. Tex. 2008); Formusoh v. Gonzales, 2007 WL 465305 (N.D. Tex. 2007). That jurisdiction lies with the United States Court of Appeals for the Fifth Circuit.

Second, Vargas contends she is being denied due process because of her imminent removal through a summary procedure. Again, this Court does not have subject matter jurisdiction to consider any issues pertaining directly to Vargas's removal order. See Kim, 2012 WL 10862140; Majoa, 2008 WL 2852416 at 1; Formusoh, 2007 WL 465305.

Third, Vargas contends she is being denied her substantive due process right to freedom from detention, citing Zadvydas v. Davis, 533 U.S. 678 (2001). This detention issue is properly before this District Court. See Baez, 150 Fed.Appx. at 312.

Fourth, Vargas contends that Respondents violated her First Amendment right to free speech by arresting her and initiating her removal after she made statements to the media about the arrests of her brother and father. Vargas is essentially alleging that ICE arrested her and intends to remove her in retaliation for her statements to the media. Vargas's claim of retaliatory removal is an attack on her removal order. Moreover, that claim appears to be barred by 8 U.S.C. § 1252(g).[6] Therefore, this Court does not have jurisdiction to consider Vargas's

---

[6] 8 U.S.C. § 1252, Judicial review of orders of removal, states in part:
    (g) Exclusive jurisdiction

retaliatory removal claim. See Humphries v. Various Federal U.S. I.N.S. Employees, 164 F.3d 936, 945 (5th Cir. 1999); see also Foster v. Townsley, 243 F.3d 210, 214-15 (5th Cir. 2001).

Fifth, Vargas contends ICE violated various procedural and substantive requirements of the Fifth Amendment and the Immigration and Nationality Act, 66 Stat. 163, 8 U.S.C. § 1101, *et seq.*, in the conduct of her removal proceedings. Again, this Court does not have jurisdiction to consider Vargas's claims that challenge her removal order. See Rosales, 426 F.3d at 736 (the Court of Appeals has jurisdiction over a petition for review challenging a removal order on due process grounds).

Vargas attached a Notice of Intent to Issue a Final Administrative Removal Order dated March 1, 2017 (Doc. 2-18) and a Final Order of Removal (unsigned and undated, but served on Vargas on March 1, 2017) to her habeas petition. Although Vargas does not specifically allege exhaustion of her administrative remedies, she contends she is being removed pursuant to a "summary procedure." Vargas's petition was filed within 30 days of the date the removal order was served on her. See 8 U.S.C. § 1252(b). Given the short time period for filing a petition for review attacking her final order of removal, the alleged use of a summary procedure, and the preliminary indications that Vargas has no additional administrative remedies, the interests of

---

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

6

justice would be served by an immediate transfer of Vargas's petition to the United States Court of Appeals for the Fifth Circuit.

Vargas also filed an "Emergency Motion for Stay of Removal" (Doc. 2). The District Court lacks jurisdiction to prevent the execution of removal orders. See Leger v. Young, 464 Fed.Appx 352, 353 (5th Cir. 2012) (citing Fabuluje v. Immigration and Naturalization Agency, 2000 WL 1901410, at *1 (5th Cir. 2000) (the district court correctly determined it was without jurisdiction to consider petitioner's request for an emergency injunction in order to stay removal proceedings because the relief sought was connected with the Attorney General's decision to commence removal proceedings against him); see also Cardoso v. Reno, 216 F.3d 512, 516 (5th Cir. 2000) (citing 8 U.S.C. § 1252(g); Ray v. Reno, 3 F.Supp.2d 1249, 1251 (D. Utah 1998). Accordingly, that Motion should also be transferred to the Fifth Circuit.

III.   Conclusion

Based on the foregoing, the Clerk of Court is DIRECTED TO TRANSFER claim numbers 1, 2, 4, and 5, challenging her removal order (Doc. 1) (to be designated as a "Petition for Review"), as well as her Emergency Motion for Stay of Removal (Doc. 2), to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over Vargas's third claim concerning her detention, which claim will be addressed by separate rulings to be issued in due course.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 10th day of March, 2017.

                                      Dee D. Drell  
                                      Chief District Judge